Roy GEORGE, Shirley George and Sherrod Fitts, Appellants,

v.

CITY OF ST. LOUIS, Robert Scheetz, Albert Upchurch and Brian Gilmore Appellees.

No. 93–3064.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided June 6, 1994.

Stephen M. Ryals, Clayton, MO, argued (Daniel T. Dalton, on the brief), for appellant.

James J. Wilson, St. Louis, MO, argued, for appellee.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

KYLE, District Judge.

Plaintiffs brought this action against the City of St. Louis and three members of its Police Department alleging violations of 42 U.S.C. §§ 1983 and 1988. The district court[1] granted summary judgment in favor of Defendants, determining that the conduct complained of did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and was protected by the doctrine of qualified immunity. The complaint was dismissed and this appeal followed. We affirm.

Defendants Upchurch and Gilmore, veteran police officers assigned to the narcotics division of the St. Louis Police Department, were advised by a confidential informant that he had witnessed drug transactions at a residence located at 4641 Penrose Avenue in St. Louis, and that one Chester Harris was selling heroin at that address. The police officers conducted surveillance of the address and observed activities consistent with those described by the informant and with drug trafficking.

Based upon the foregoing, a search warrant was applied for, obtained, and executed at the 4641 Penrose Avenue address. Contrary to the informant's description, Chester Harris did not reside at the 4641 Penrose Avenue; he resided next door. He was, however, a frequent visitor to the 4641 Penrose Avenue address because of his friendship with the son of the Plaintiffs. Plaintiffs resided at the 4641 Penrose Avenue address.

At the time of the execution of the search warrant, Plaintiff Shirley George was present at her residence together with her son. The Defendants broke open the front door of the residence to gain access. No drugs were found and no arrests were made. Physical damage was limited to the door.

Count I of the Complaint alleges that the Defendant police officers violated Plaintiffs' constitutional rights by unreasonably seeking and securing a search warrant at Plaintiffs' residence. Count II alleges that the City of St. Louis and its Chief of Police are liable for the actions alleged in Count I.

On appeal, Plaintiffs present two issues: did the district court err in treating the Defendants' motion to dismiss as a motion for summary judgment, and did the district court err in granting that motion and dismissing the complaint.

Defendants filed a "MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT" pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure. No affidavits or other matters outside of the pleadings were submitted with or in support of the motion. The Defendants' supporting memorandum asserted that "qualified immunity protects officers when they take an objectively reasonable action."

In response to the motion to dismiss, Plaintiffs filed a comprehensive memorandum together with several exhibits.[2]

The district court determined that "because matters outside the pleadings are presented with the motion, the Court will treat Defendants' motion as one for summary judgment pursuant to Rule 12(b)." The Court proceeded to determine that the Defendant police officers' reliance on, and verification of, the confidential informant's information was reasonable and adequate and that Plaintiffs had failed to raise or present any genuine issues of material fact. Summary judgment was granted in favor of Defendants on all issues and the complaint was dismissed.

---

* The HONORABLE RICHARD H. KYLE, United States District Court Judge for the District of Minnesota, sitting by designation.

1. The Honorable Jean C. Hamilton, United States District Court Judge for the Eastern District of Missouri.

2. The exhibits included the application for the search warrant, the search warrant, affidavits of plaintiffs Roy R. George and Shirley George; the deposition transcripts of defendants Brian Gilmore and Albert Upchurch; and the "incident report" prepared by the defendant police officers.

We have thoroughly reviewed the record below, including the succinct and well reasoned MEMORANDUM AND ORDER of the district judge, and find no reason to disturb the conclusions reached by her.

■ The issue of whether the motion to dismiss was properly converted to a summary judgment motion is easily resolved. First, the Defendants' motion was clearly worded in the alternative—either for dismissal for failure to state a claim or, alternatively, for summary judgment. Second, Plaintiffs themselves submitted to the Court matters outside the pleadings, knowing that the Court would consider such matters. Having proceeded in this manner, and addressing the summary judgment standard in their memorandum to the trial court, at pages 7–11, they cannot now argue that the Court erred in treating the Rule 12(b)(6) motion as one for summary judgment. As we recently stated in *Angel v. Williams,* 12 F.3d 786, 789 (8th Cir.1993): "[Fed.R.Civ.P. 12(b) ] does not require the Court to give affirmative notice to the parties that it intends to consider matters outside the complaint." *See also Kaufman v. St. Louis S.I. Ltd, et al.,* 18 F.3d 610, 613 (8th Cir.1994); *Van Leeuwen v. United States Postal Service,* 628 F.2d 1093, 1095 (8th Cir.1980).

Having properly treated the motion to dismiss as one for summary judgment, the trial court's dismissal of the complaint was likewise proper.

■ Government officials performing discretionary functions are generally shielded from liability for civil damages unless their conduct violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. at 818, 102 S.Ct. at 2738. In other words, to decide whether an official is entitled to qualified immunity, "a court must determine whether the official's action was objectively legally reasonable in light of the legal rules that were clearly established at the time the action occurred." *Cole v. Bone,* 993 F.2d 1328, 1332 (8th Cir. 1993) (citing *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)). In the context of a police officer obtaining a warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. *Malley v. Briggs,* 475 U.S. 335, 344–45, 106 S.Ct. 1092, 1097–98, 89 L.Ed.2d 271 (1986) (citing *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984)); *Mills v. Graves,* 930 F.2d 729, 731 (9th Cir.1991); *Woods v. Lemonds,* 804 F.Supp. 1106, 1110 (E.D.Mo.1992), *aff'd,* 991 F.2d 802 (8th Cir.1993) (table).

■ Where, as here, there is no question that the law is clearly established, it is appropriate for us to determine whether there is any genuine issue of material fact as to whether the defendant officials' actions violated the law; that is, whether those actions were objectively legally reasonable under the standard established in *Malley.* *See Anderson v. Roberts,* 823 F.2d 235, 237 (8th Cir.1987). We apply the same standard as the district court; we view the evidence in a light most favorable to the nonmoving party and ask whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Cole,* 993 F.2d at 1331–32.

The district court determined, and we agree, that the Defendant police officers' reliance on, and verification of, the confidential informant's information was reasonable and adequate, and that based on that information, "it was reasonable for Defendants to suspect illegal narcotics activity and to proceed to initiate and execute a search warrant of Plaintiffs' residence." Memorandum and Order, at 5. Having reached that conclusion, which is fully supported in the record, we must conclude that Plaintiffs have failed to establish any genuine issues of material fact as to whether the Defendant police officers are entitled to qualified immunity and the district court properly granted summary judgment in favor of the Defendants.

Accordingly, the judgment of the district court is affirmed.