**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 98-10451
_____

DARNELL JOHNSON,

Plaintiff-Appellant,

VERSUS

JEFF BRYANT, ET AL,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:91-CV-1713-H)

OCTOBER 5, 1999

Before POLITZ, DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeff Bryant, an Ellis County Sheriff's officer, challenges the
district court's denial of his motion for summary judgment on the
basis of qualified immunity. Bryant argues that he is immune from
appellee's 42 U.S.C. § 1983 action for unreasonable arrest in
violation of the Fourth Amendment because (1) he was not personally
involved in appellee's arrest and (2) because the arrest neither
violated appellee's constitutional rights nor was objectively
unreasonable. Because material issues of genuine fact are present,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

we lack jurisdiction and therefore dismiss the appeal

I.

In August 1990, a woman reported to the Ellis County Sheriff's Office that a man had broken into her home and sexually assaulted her. She described the perpetrator as a black, mustached man, approximately 5' 8" tall and weighing approximately 130 pounds. Her granddaughter, who also witnessed the break-in, described the perpetrator as a "skinny" black male, about 5' 10" tall, with a thick, curly mustache. The woman told authorities that the perpetrator mentioned that he had served ten years in prison for robbery.

Based on this information, Jeff Bryant, an investigator with the Ellis County Sheriff's Office, developed a profile of the suspect and provided it to other Ellis County Sheriff's officers. The profile stated that the suspect was a 5' 8", 130-pound black male, with a thick mustache, who had recently served a ten-year sentence for aggravated robbery.

The following day, Ellis County Sheriff's officers, arrested Darnell Johnson without a warrant. Johnson alleges that Jeff Bryant talked to officers on their cellular phones and instructed them to make the arrest. Johnson also alleges that, at the police station, Bryant interrogated him and then placed him in an identification lineup. At the lineup, the victim indicated that Johnson was not the man who had raped her. Bryant then filed an "Affidavit of Non-Prosecution" stating that Johnson should not be

prosecuted for the assault because he "was seen by complaintant [sic] within moments after the offense took place against her and description of clothing given, there would not have been time for actual suspect to have changed or discarded clothing in the time frame of this offense." The charges against Johnson were subsequently dropped.

On August 21, 1991, Darnell Johnson filed his original complaint pursuant to 42 U.S.C. § 1983, alleging that Bryant and several other county officials had violated his Fourth Amendment right to be free from unreasonable seizures. He asserted that the officers arrested him without a warrant and without probable cause.

The magistrate ruled that Johnson's original complaint was frivolous. The district court subsequently adopted this finding and dismissed the complaint. On appeal, this court affirmed the district court's dismissal of the complaint against a number of defendants but remanded Johnson's section 1983 claims against Bryant and another defendant, in conjunction with a related habeas action, for a determination of whether Johnson had exhausted his state remedies. On remand, the district court again dismissed Johnson's claims as frivolous. This court affirmed in part but reversed the district court's order that Johnson's suit against Bryant was frivolous. We then remanded the case for further proceedings.

On remand, both parties filed motions for summary judgment. Bryant argued that he did not participate in Johnson's arrest and therefore could not be held liable. He also argued that because he

was not personally involved in the arrest, he was entitled to qualified immunity. Johnson argued that Bryant directed his arrest and that the police acted on an incomplete and inaccurate description of the rapist. In response, Bryant argues that the description was accurate, relatively complete and matched Johnson's physical appearance.

The magistrate judge recommended that the district court deny both motions for summary judgement, explaining that there were genuine issues of material fact as to whether the officers had probable cause to arrest Johnson and as to whether Bryant had participated in the arrest. The district court adopted the magistrate's findings and conclusions of law. Bryant then filed this appeal.

## II.

In general, this Court lacks jurisdiction to review a district court's denial of a motion for summary judgment because summary judgment motions are not final within the meaning of 28 U.S.C. § 1291. Lemoine v. New Horizons Ranch and Ctr., Inc., 174 F.3d 629, 633 (5th Cir. 1999). Appellate courts may, however, review a district court's denial of summary judgment where the motion is based on a claim of absolute or qualified immunity. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817. But this exception is limited. As we recently explained: "We have appellate jurisdiction to review the district court's decision denying summary judgment only to the extent that it turns on an issue of law. Or said differently, our appellate jurisdiction does

not allow us to review that district court's factual findings." Lemoine, 174 F.3d at 633. Thus, we may review a district court's determination that disputed facts are material but may not determine whether the factual dispute is genuine. Johnson v. Jones, 515 U.S. 304, 319-320, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995).

Here, appellant argues that the district court erred in denying his motion for summary judgment because (1) he neither arrested nor caused the arrest of Johnson and (2) he had probable cause to arrest Johnson. Johnson, in response, alleges that he "was arrested by Mike Zaidle, a fellow Ellis County Sheriff's officer, after the officer ... had communicated with Jeff Bryant via cellular telephone as to whether he should arrest Mr. Johnson." Johnson further alleges that Bryant interrogated him at the police station and filed formal charges against him. He also alleges that Bryant lacked probable cause to make the arrest.

The magistrate judge concluded that genuine issues of material fact existed as to "whether or not there was probable cause for the arrest and whether or not defendant was involved in the arrest." The district court agreed and denied defendant's motion. On appeal, we have jurisdiction only to determine whether this factual dispute is indeed material,174 F.3d at 633-634, but not whether a genuine factual dispute exists as to whether Johnson directed or participated in Bryant's arrest. Id. at 634.

Based upon the summary judgment record, Johnson has advanced material facts disputing Bryant's claim that he was not involved in

-5-

Johnson's arrest.  According to Johnson's affidavit, Bryant personally directed Ellis County Sheriff's officers to make the arrest.  The district court found this dispute to be genuine.  This dispute is material because Johnson may be held liable both for his personal involvement in the arrest as well as for his direct causation of the arrest.  See Anderson v. Pasadena Independent School District, 184 F.3d 439, 443 (5th Cir. 1999)(either direct involvement or causation sufficient to state a § 1983 claim).  Thus, we lack jurisdiction to review the district court's determination that a genuine factual dispute exists as to Officer Bryant's role in Johnson's arrest.

## III.

Bryant also argues that even if he is considered to have participated in the arrest, he had probable cause to arrest Johnson because his physical appearance substantially matched the suspect profile.  Police were looking for a 5' 8", 130-pound mustached black man who had recently served a ten-year sentence for robbery.  They found Darnell Johnson, a 5' 10", 150-pound black man who had recently served time in prison.  Johnson does not dispute that his physical appearance had some general similarities to the suspect profile.  He instead argues, however, that the profile was generally deficient, particularly because it did not state an estimated age of the suspect.  Johnson also points out that the police had no information about his whereabouts when the crime was committed or any other information tying him to the crime.

The district court found that Johnson had raised a genuine

factual dispute regarding whether the officers had probable cause to make the arrest. Probable cause determinations involve a mixture of law of fact. United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995). When reviewing a district court's denial of summary judgement, our limited jurisdiction does not permit us to review any factual determinations. Lemoine, 174 F.3d at 633.

We have noted in the past that suspect profiles and "the sufficiency of a particular description" are largely factual matters. United States v. Webster, 162 F.3d 308, 332 (5th Cir. 1999). Whether a particular profile, or a suspect's similarity to that profile, gives rise to probable cause is an inherently fact-intensive inquiry that depending on a number of variables. Here, the record does not reflect whether Officer Bryant knew the age of the perpetrator, whether Johnson was substantially older or younger than the perpetrator, or whether age was an otherwise significant factor. As we explained in United States v. Pollack, "[t]he sufficiency of a particular description is largely a factual matter. What is a distinctive appearance or manner of dressing in one location may be commonplace in another." 739 F.2d 187, 190 (5th Cir. 1984).

We enjoy only limited jurisdiction to review a district court's denial of a defendant's motion for summary judgment based upon qualified immunity. This jurisdiction does not permit us to engage in the type of fact-intensive inquiry needed to review the sufficiency of a suspect profile. Accordingly, we hold that we lack jurisdiction to review the district court's determination that

Johnson raised "genuine issues of material fact concerning whether or not there was probable cause for the arrest."

## Conclusion

Because material issues of fact are presented we dismiss the appeal for lack of jurisdiction.

Appeal DISMISSED.