# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2874WM

_____

John Robert McGee,      *
             *
    Appellant,     * On Appeal from the United
             * States District Court
  v.          * for the Western District
             * of Missouri.
Jonathon E. Broz,      *
             *
    Appellee.     *

_____

Submitted: March 14, 2001
Filed: May 25, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and PERRY,[1] District
  Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

  John Robert McGee filed suit against Jonathon E. Broz pursuant to 42 U.S.C. § 1983 alleging a violation of Mr. McGee's constitutional rights under the Fourth Amendment. The District Court[2] held that Mr. Broz was entitled to qualified immunity

---

[1]The Hon. Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2] The Hon. Scott O. Wright, United States District Judge for the Western District of Missouri.

and granted his motion for summary judgment. Mr. McGee appeals, and we affirm. We hold that Mr. Broz, a Missouri prosecuting attorney, was in possession of facts sufficient to justify an objectively reasonable official in believing that Mr. McGee had committed a crime, even though this belief turned out to be wrong.

I.

In October of 1995, Debbie Hardin entered into a purchase agreement with John McGee, the president and chief executive officer of Grand Pets, Inc. Ms. Hardin agreed to sell, and Mr. McGee agreed to buy, eight "fully registerable" boxer puppies for $275 each. Mr. McGee signed a check drawn on his company account in the amount of $1,650 as payment for six of the eight puppies.[3] An employee of Mr. McGee delivered the check to Ms. Hardin in exchange for the puppies' registration papers. After reviewing the registration papers, Mr. McGee discovered that Ms. Hardin had check marked the registration papers for "limited registry," a fact which significantly reduced the animals' value. Mr. McGee stopped payment on the check.

Ms. Hardin's attorney sent Mr. McGee a certified letter demanding that within ten days of receiving the letter, Mr. McGee either pay Ms. Hardin for the puppies as originally agreed, or return the dogs. The letter also informed Mr. McGee that failure to comply with its terms would result in Ms. Hardin's turning the matter over to the county prosecuting attorney for criminal prosecution. Mr. McGee received the letter but took no action in response to it.

Jonathan Broz, an assistant prosecuting attorney and the defendant in this case, was made aware that Mr. McGee had signed and delivered a check made payable to Ms. Hardin in the amount of $1,650, that Mr. McGee had stopped payment on the check, and that he had failed to take any action within ten days of receiving the demand

---

[3]Two of the eight puppies were unsuitable for sale.

letter. Mr. Broz signed and filed a felony complaint[4] in a state court charging Mr. McGee with "fraudulently stopping payment of an instrument" in violation of Mo. Rev. Stat. § 570.125. Mr. McGee was arrested on a warrant and briefly incarcerated. Later, Mr. Broz dismissed the charge.

Mr. McGee brought this 42 U.S.C. § 1983 action in the District Court requesting compensatory damages, punitive damages, and attorneys' fees as recompense for an alleged violation of his Fourth Amendment right against unreasonable seizure. The District Court granted Mr. Broz's motion for summary judgment, holding that his actions were objectively reasonable, and that he was entitled to qualified immunity. This appeal followed.

## II.

We review a district court's grant of summary judgment de novo. Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(b). The moving party bears the burden of making this showing. Lambert v. City of Dumas, 187 F.3d 931, 934 (8th Cir. 1999).

On appeal Mr. McGee argues that the District Court erred in granting the defendant's summary judgment motion because there are significant disputes of material fact as to whether Mr. Broz acted in an objectively reasonable manner. We disagree.

Officials are afforded broad qualified immunity when seeking the issuance of warrants. See Malley v. Briggs, 475 U.S. 335, 344-45 (1986). To decide whether an

---

[4]If "the face amount of the check or draft is one hundred fifty dollars or more," the offense is a felony. Mo. Rev. Stat. § 570.125.2.

official is entitled to qualified immunity we must first determine whether the acts alleged by the plaintiff violated clearly established law. George v. City of St. Louis, 26 F.3d 55, 57 (8th Cir. 1994). If so, we must determine "whether there is any genuine issue of material fact as to whether the defendant official's actions violated the law; that is, whether those actions were objectively legally reasonable . . .." George, 26 F.3d at 57. Where the challenged action is the issuance of a warrant, "the issue is not whether the affidavit actually establishes probable cause, but rather whether the officer had an objectively reasonable belief that it established probable cause." Thompson v. Reuting, 968 F.2d 756, 760 (8th Cir. 1992). To preclude a grant of qualified immunity a "warrant application [must be] so lacking in indicia of probable cause as to render official belief in its existence unreasonable." George, 26 F.3d at 57.

Mo. Rev. Stat. § 570.125 makes it a crime fraudulently to stop payment on a check. The statute continues:

> 3. It shall be prima facie evidence of a violation of this section, if a person stops payment on a check or draft and fails to make good the check or draft, or return or make and comply with reasonable arrangements to return the property for which the check or draft was given in the same or substantially the same condition as when received within ten days after notice in writing from the payee that the check or draft has not been paid because of a stop payment order by the issuer to the drawee.

> 4. "Notice in writing" means notice deposited as certified or registered mail in the United States mail and addressed to the issuer at his address as it appears on the dishonored check or draft or to his last known address. The notice shall contain a statement that failure to make good the check or draft within ten days of receipt of the notice may subject the issuer to criminal prosecution.

Mo. Rev. Stat. § 570.125.3 & .4.

There was prima facie evidence of a violation of Mo. Rev. Stat. § 570.125. At the time Mr. Broz signed and filed the complaint he reasonably believed the following: (1) that Mr. McGee had issued and delivered a check for $1,650 to Ms. Hardin as payment for six puppies; (2) that Mr. McGee received the puppies and stopped payment on the check; (3) that Ms. Hardin's attorney had sent, by certified mail, a letter demanding either payment or the return of the dogs; and (4) that Mr. McGee received the letter but did nothing in answer to it. Thus, Mr. Broz could have reasonably believed that probable cause existed.

Mr. McGee argues that Ms. Hardin did not comply with the statute's notice requirements. Mr. McGee contends that the statute requires that the payee, Ms. Hardin, send the demand letter, not her attorney. We disagree. See Wallace, Saunders, Austin, Brown & Enochs, Chartered v. Rahm, 963 S.W.2d 419, 422 (Mo. App. 1998); State v. Weinstein, 411 S.W.2d 267, 272 (Mo. App. 1967) (an attorney's acts "are those of his client[] and are regarded as having been done by, and binding on, the client[ ]"). No reported case exists in which a Missouri court has interpreted § 570.125 as excluding notice sent by someone's lawyer, and we conclude, therefore, that the defendant here was reasonable in accepting the lawyer's letter as the equivalent of a letter from the client.

The plaintiff also argues that he in fact had attempted to return the dogs. These events (assuming, as we must for present purposes, that they occurred in accordance with the plaintiff's testimony) had already occurred before the letter was sent. More importantly, the defendant prosecutor had no knowledge of any such events, nor any reason to suspect that they had occurred.

III.

For the foregoing reasons, we hold that Mr. Broz was entitled to qualified immunity and the District Court did not err in granting summary judgment.

-5-

The judgment is affirmed.

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.