UNITED STATES of America,
Plaintiff-Appellee,

v.

Earl FODDRELL, Defendant-Appellant.

No. 978, Docket 75–1048.

United States Court of Appeals,
Second Circuit.

Argued May 2, 1975.

Decided July 28, 1975.
Certiorari Denied Nov. 11, 1975.
See 96 S.Ct. 370.

Robert P. Leighton, New York City, for defendant-appellant Foddrell.

Thomas E. Engel, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., for the Southern District of New York, Lawrence S. Feld, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before MOORE and MANSFIELD, Circuit Judges, and HOLDEN, District Judge.*

PER CURIAM:

This is an appeal from a judgment of conviction rendered on January 30, 1975, following a jury trial in which the defendant was found guilty of possessing heroin, with intent to distribute it, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A) 1970.[1]

■■ The appellant raises five issues on appeal. Our review of the record convinces us that the District Court properly refused to recuse itself on the ground that the trial judge had conducted an eleven day hearing on wire tapping and had read a presentence report before sentencing the defendant on July 31, 1973, after the appellant had pleaded guilty in the prior case.[2]

■ The trial court properly denied the motion for a hearing on the legality of the wire taps conducted in the earlier prosecution. In response to the motion, the Government represented to the court that no material obtained from surveillance of the telephone calls in the prior case led to any information concerning the present indictment. Judge Gagliardi was entirely justified in accepting the representations made by the Assistant United States Attorney on the point. Although the appellant had access to the transcript of the eleven day hearing in the prior case, he has produced nothing to suggest that the court's reliance on the Government's representation was misplaced, or that the prosecutor's assurance was untrue in any respect.

■ The appellant had failed to demonstrate prejudice or an abuse of discretion in the denial of his motion for severance. Moreover, the claim of prejudice advanced on appeal was not raised in its present context at the trial.

■ The same holds true of the appellant's claim of error in the Government's summation. No objection was voiced at the time the argument was made and there was no request for curative instruction. No prejudice has been demonstrated. Although the prosecutor's remarks concerning th availability of the record for the jury's reference in the jury room were misspoken, it clearly does not "rise to the level of prejudice required for reversal." *United States v. Santana,* 485 F.2d 365, 371 (2d Cir. 1973), *cert. denied,* 415 U.S. 931, 94 S.Ct. 1444, 39 L.Ed.2d 490 (1974).

■ The appellant's final point that the fifteen-month delay from the date of the offense to the indictment is without merit. The claim of prejudice is asserted on the principal ground that the delay made it impossible for the accused to remember his whereabouts on the date of the offense charged in the indictment and was unable to produce witnesses to verify his whereabouts on the date alleged. In denying the motion, the district court was persuaded that the government did not seek an indictment until the defendants were positively identified with the offense charged. No other cause for the delay is suggested. The appellant's claim that his memory was dimmed, concerning his whereabouts

---

* Of the United States District Court for the District of Vermont, sitting by designation.

1. On January 30, 1975, the appellant was sentenced to 10 years imprisonment, concurrent with another 11 year sentence imposed in a different case, followed by a special parole term of 6 years.

2. As an additional basis for affirmance, we note that the issue of the District Court's disqualification was not properly raised by the appellant below and therefore, is not cognizable in this Court. *Schwartz v. S.S. Nassau,* 345 F.2d 465, 466 (2d Cir. 1965), *cert. denied,* 382 U.S. 919, 86 S.Ct. 294, 15 L.Ed.2d 234 (1965).

over a span of fifteen months, raises at most the possibility of prejudice. No actual prejudice is established. There is no showing that the Government withheld prosecution to harass or gain tactical advantage. The motion to dismiss was properly denied. *United States v. Marion,* 404 U.S. 307, 325–326, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Judgment affirmed.