**The UNITED STATES**

v.

**Arthur TERJESON.**

**No. 76–CR–497.**

United States District Court, E. D. New York.

Nov. 5, 1976.

Michael S. Washor, Brooklyn, N. Y., for defendant Terjeson.

David G. Trager, U.S. Atty. by Victor J. Rocco, Brooklyn, N. Y., for the United States.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

The defendant in this case is charged, in a three count indictment, with distribution of and possession with intent to distribute cocaine, and with conspiracy to violate 21 U.S.C. § 841(a)(1). The crimes detailed in the indictment were allegedly committed on or about May 1, 1975. The defendant was arrested on or about April 1, 1976, some eleven months later, and was indicted on August 3, 1976, fifteen months after the commission of the alleged crimes and four months after the defendant's arrest. The defendant has moved pursuant to Rule 12(b)(1), Fed.R.Crim.P., for an order dismissing the indictment against him on the grounds that the 15-month delay violated his due process rights under the Fifth Amendment and his speedy trial rights under the Sixth Amendment.

The defendant's Sixth Amendment claim is without merit. In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) the Supreme Court made it clear that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 U.S. at 320, 92 S.Ct. at 463. Thus, the Sixth Amendment was not triggered in this case until the defendant was arrested; it would apply only to the four month delay between arrest and indictment. After consideration of the four factors set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the court concludes that the four month delay here was not unreasonable, and that it therefore did not deprive the defendant of his right to a speedy trial. Indeed, at oral argument on the motion to dismiss the indictment, defense counsel in effect conceded that his motion was made on Fifth Amendment due process, rather than Sixth Amendment speedy trial, grounds (Tr. at 3–4).

The defendant's claim with respect to pre-indictment delay is therefore governed only by the Due Process Clause of the Fifth Amendment, since the Sixth Amendment speedy trial provisions do not apply to pre-accusation delays. *United States v. Marion, supra*, 404 U.S. at 323, 92 S.Ct. 455. After careful review of the facts and circumstances of this case, the court concludes that there was no denial of due process and the motion is therefore denied.

In *United States v. Marion, supra*, the Supreme Court set forth a two-pronged test for determining whether pre-indictment delay violates the Due Process Clause of the Fifth Amendment. The Court stated that dismissal would be required on due process grounds if it were shown that the pre-indictment delay "caused substantial prejudice to appellee's rights to a fair trial *and* that the delay was an intentional device to gain tactical advantage over the accused."

404 U.S. at 324, 92 S.Ct. at 465 (emphasis added).

■■■ The language of *Marion* appears to mandate that both substantial prejudice and bad intent on the part of the government must be shown in order to support a due process claim. Whether the requirements of *Marion* are in fact conjunctive has not been squarely determined by this circuit, but the clear implication of the cases is that both prongs of the test must be proven. *See, e. g., United States v. Eucker*, 532 F.2d 249, 255 (2d Cir., 1976) ("In any event, we would be disinclined to reduce the period of limitations . . . in the absence of some proof that the Government utilized the delay as 'an intentional device to gain tactical advantage over the accused' *and* that defendant was prejudiced thereby." *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971) (emphasis added). See *also United States v. Brown*, 511 F.2d 920 (2d Cir., 1975). Even if the requirements of *Marion* are alternative in nature, however, the defendant's motion must be denied since he has failed to meet his burden with respect to either ground. There has been no showing whatsoever that the delay was an intentional device by the government to gain a tactical advantage. What the defendant urges is that the court should infer wrongful purpose from the simple fact of the delay itself. If delay, in and of itself were sufficient to make out the claim of wrongful purpose, then the requirement of *Marion, supra*, that a wrongful purpose must be shown would be superfluous. Since that requirement was specifically enunciated in *Marion*, it is clear that something more than the delay itself must be proven. Moreover, to infer wrongful purpose from the fact of the delay would be to overlook the valid governmental need for continuing undercover investigation, which is certainly a legitimate consideration in law enforcement. *Cf. United States v. Iannelli*, 461 F.2d 483, 485 (2d Cir., 1972), *cert. denied*, 409 U.S. 980, 93 S.Ct. 310, 34 L.Ed.2d 243 (1972); *United States v. Briggs*, 457 F.2d 908 (2d Cir., 1972). The defendant's contention that the delay itself is sufficient to establish requisite "wrongful purpose" is therefore without merit.

The defendant has likewise failed to meet his burden with respect to the necessary showing of substantial prejudice. Three allegations are made to show prejudice: (1) that two witnesses with whom the defendant "discussed the underlying transactions giving rise to the instant indictment" are no longer available; (2) that certain records of the telephone company are no longer available; and (3) that memories of the remaining available witnesses have faded.

While the loss of a key defense witness may be sufficient to show prejudice, *see United States v. Feinberg*, 383 F.2d 60, 65 (2d Cir., 1967), there has been no showing here that the missing witnesses were in any way "key" to the defense. In fact, the clear implication of the defendant's allegation is that these "witnesses" never actually "witnessed" anything. Rather, they appear to be persons with whom the defendant "discussed" the events leading to his indictment. Even if the hearsay testimony of these witnesses would be admissible at trial, the claim of prejudice arising out of their unavailability is too speculative for this court to conclude that the defendant will be deprived of a fair trial because of the delay. *Cf. United States v. Mallah*, 503 F.2d 971, 989 (2d Cir., 1974); *United States v. Iannelli, supra*.

Defendant's arguments with respect to the telephone company records is likewise inadequate to show substantial prejudice. No allegations are made as to how the unavailability of documentation of the telephone conversations between the defendant and the informer has prejudiced the defendant in terms of the preparation of his defense. Without such specific allegations, the claim is too speculative to serve as the basis for a holding that the delay has deprived the defendant of due process. *See, e. g., United States v. Iannelli, supra*.

The defendant's claim as to faded memories is also without merit, since it is clear that it is not the type of "substantial" prejudice required by *Marion*. See *United*

*States v. Marion, supra,* 404 U.S. at 326, 92 S.Ct. 455; *United States v. Finkelstein,* 526 F.2d 517, 526 (2d Cir., 1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976); *United States v. Foddrell,* 523 F.2d 86, 87 (2d Cir., 1975), *cert. denied,* 423 U.S. 950, 96 S.Ct. 370, 46 L.Ed.2d 286 (1975).

Since the defendant has failed to establish either substantial prejudice or that the delay was an intentional device by the government to gain a tactical advantage, his motion is denied. So ordered.