Frankie **SCHWARTZ**, Plaintiff,

v.

Tom William **PRIDY**, et al., Defendants.

No. 4:94CV00579 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Jan. 18, 1995.

Alan G. Kimbrell, Stubbs and Abele, St. Louis, MO, for Frankie Schwartz.

Alana M. Barragan-Scott, Asst. Atty. Gen., Joan F. Gummels, Jefferson 'City, MO, for Tom W. Pridy.

Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, MO, for G.W. Phillips.

John D. Beger, Steelman and Beger, Rolla, MO, Theodore A. Bruce, Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, MO, for Ronald Keck.

### MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the separate motions for summary judgment filed by defendants Tom William Pridy and Ronald Keck.

Plaintiff Frankie Schwartz filed suit against defendants pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that defendants violated his Fourth Amendment right to be free from unreasonable searches and participated in a conspiracy. Plaintiff seeks mone-tary as well as punitive damages. During the relevant period, defendant Pridy was an employee of the Missouri Department of Revenue and defendants Keck and Phillips were employees of the Missouri State Highway Patrol. Defendants are sued in their official and individual capacities.

The factual allegations of plaintiff's complaint establish the following as the basis of plaintiff's claims: On May 23, 1991, defendants applied for a search warrant for the property and buildings at which plaintiff conducts his used automobile and parts business. Plaintiff alleges that defendant Pridy falsely represented himself as a peace officer for purposes of obtaining the search warrant. Plaintiff contends that defendants altered the application for search warrant and affidavit in support thereof by deleting references to stolen autos and auto parts after Judge Price issued the warrant. After plaintiff obtained the proper license for his salvage business, Sidney Pearson, the appointed special prosecuting attorney, dropped the criminal charges pending against plaintiff involving his operation of his automobile salvage business in the spring of 1991.

Defendant Pridy is a special agent for the criminal investigations bureau of the Missouri Department of Revenue (DOR). His job responsibilities include the investigation of violations of the Missouri motor vehicle statutes and regulations administered by the DOR. Pridy met with Pearson during his investigation of plaintiff and his operation of an automobile salvage business. During this meeting, Pridy represented himself to be a special agent for the DOR, not a police officer. Moreover, Pridy is identified in the application and affidavit as a special agent for the DOR.

■ Before addressing the pending summary judgment motions, the Court will *sua sponte* consider whether any of the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted. *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir.1992) (per curiam); *Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir. 1991). Movants have entered an appearance

in this case, so it is appropriate at this juncture to consider a *sua sponte* dismissal of plaintiff's claims. *Murphy v. Lancaster,* 960 F.2d at 748; *Smith v. Boyd,* 945 F.2d at 1042. If plaintiff is not given prior notice of the *sua sponte* dismissal, such a dismissal is appropriate only "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Smith v. Boyd,* 945 F.2d at 1043. When considering a dismissal for failure to state a claim, the Court views the allegations in the light most favorable to plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), and accepts the allegations as true. *Kohl v. Casson,* 5 F.3d 1141, 1148 (8th Cir. 1993). A dismissal under Rule 12(b)(6) is justified when the factual allegations, taken as true, either "fail to state a claim or clearly give rise to an immunity defense." *Id.* at 1147 n. 1.

In his complaint, plaintiff asserts that "[j]urisdiction of this Court is invoked under 28 U.S.C. § 1331, for violation of 42 U.S.C. §§ 1983 and 1985." The Court construes this statement as indicating that plaintiff's claims are pursued under 42 U.S.C. §§ 1983 and 1985.

■ To state a cause of action under § 1983, a plaintiff must allege (a) he has been deprived of a right, privilege, or immunity protected by federal constitutional or statutory provisions and (b) the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Isakson v. First Nat'l Bank,* 985 F.2d 984, 986 (8th Cir.1993) (per curiam). The allegations in the complaint are sufficient to show defendants' conduct occurred "under color of state law." The allegations do not establish, however, that defendants are "persons" for purposes of § 1983 to the extent defendants are sued in their official capacities. The Supreme Court in *Hafer v. Melo* found that state officials sued in their individual capacities are "persons" for purposes of § 1983. *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The Supreme Court, however, did not alter the holding in *Will v. Michigan Department of State Police* that state officials sued for monetary relief in their official capacity are not "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Hafer v. Melo,* 502 U.S. at — – —, 112 S.Ct. at 362–64; *accord Zar v. South Dakota Bd. of Examiners of Psychologists,* 976 F.2d 459, 464 (8th Cir.1992); *Get Away Club, Inc. v. Coleman,* 969 F.2d 664, 668 (8th Cir.1992). All of plaintiff's § 1983 claims against defendants in their official capacities therefore are barred and accordingly will be dismissed.

With respect to Count II, the issue before the Court for purposes of § 1983 is whether plaintiff has set forth allegations establishing defendants' conspiracy to violate plaintiff's specified federally protected rights.

■ A conspiracy to violate federal constitutional rights may state a § 1983 claim. *Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S.Ct. 183, 186–87, 66 L.Ed.2d 185 (1980). To set forth a conspiracy claim under § 1983, plaintiff must allege "there was a mutual understanding, or a meeting of the minds" among the alleged conspirators. *Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1055, 127 L.Ed.2d 376 (1994). In particular, this requires allegations of specific facts showing a meeting of minds among the alleged conspirators. *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988). Plaintiff's complaint fails to contain factual allegations showing defendants had a "meeting of the minds" with respect to the alleged violation of plaintiff's federal constitutional rights. Accordingly, the Court will dismiss Count II, the § 1983 conspiracy claim against defendants.

■ Inasmuch as the Court believes plaintiff in Count II may have intended to seek relief under 42 U.S.C. § 1985(3) but cited § 1983 in Count II of his complaint, the Court will further address this claim in the alternative. For § 1985(3) to apply, plaintiff must have alleged both that he was a member of a class suffering from invidious discrimination and that defendants' conduct included purposeful class-based discrimination. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 834–39, 103 S.Ct. 3352, 3359–62, 77 L.Ed.2d 1049 (1983).

Plaintiff fails to make the necessary allegations in Count II. Plaintiff has not described defendants' challenged conduct as involving discrimination, much less class-based discrimination. The allegations do not demonstrate that any acts by defendants occurred as the alleged result of either plaintiff's race, religion or national origin. Based on the foregoing, plaintiff cannot prevail on a § 1985 claim based upon the allegations in the complaint and therefore Count II will be dismissed.

Defendants Pridy and Keck have filed separate motions for summary judgment raising the issue of qualified immunity.

Plaintiff opposes defendant Pridy's motion for summary judgment on the grounds that he is not entitled to qualified immunity. Moreover, plaintiff contests factual statements made by movants and relies on affidavits, deposition excerpts and various documents to oppose the motions.

■ Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Sur. Co.,* 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart,* 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.,* 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

■ Plaintiff's § 1983 claim against defendants alleging violation of his Fourth Amendment rights remains pending. Qualified immunity in such a situation requires consideration of whether defendants "had an objectively reasonable belief that established probable cause" and not whether that material actually established probable cause. *Kohl v. Casson,* 5 F.3d at 1147. Such a question necessitates review of the material submitted in support of the application for the search warrant, as well as the information available to defendants at that time. *Cole v. Bone,* 993 F.2d 1328, 1333 (8th Cir.1993).

Government officials performing discretionary functions are provided with qualified immunity from a civil rights damages action if their challenged conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Court must first determine whether plaintiff has asserted a violation of a constitutional right when resolving whether or not qualified immunity bars a damage claim under § 1983. *Siegert v. Gilley,* 500 U.S. 226, 231–32, 111 S.Ct. 1789, 1792–93, 114 L.Ed.2d 277 (1991).

The second prong of the qualified immunity analysis requires a determination of whether the constitutional right in question was "clearly established." *Id.* To be clearly established "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1986). If the conduct violated clearly established law, then movants "must demonstrate no material issues of fact remain as to whether the [movants'] actions were objectively reasonable in light of the law and the information [movants] possessed at the time of [movants'] actions." *Cross v. City of Des Moines,* 965 F.2d 629, 632 (8th Cir.1992), (quoting *Salmon v. Schwarz,* 948 F.2d 1131, 1136 (10th Cir.1991)).

Movants are entitled to judgment if the law at the relevant time was not clearly established; if there is no genuine issue of material fact as to whether defendants in fact

committed the alleged acts; or if "no genuine issue as to any material fact pertaining to the objective reasonableness of the [movants'] action [exists]." *Get Away Club, Inc. v. Coleman,* 969 F.2d at 668; *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994); *Cross v. City of Des Moines,* 965 F.2d at 632.

On the present record, the Court concludes that defendants did not alter the search warrant or the other documents after their presentation to the circuit judge. The record reflects that Pearson filled in some blanks on an application for search warrant, an affidavit and a search warrant. In the spaces provided on the affidavit and the application for the search warrant, Pearson indicated that Pridy was a special agent with the criminal investigation bureau of the Missouri DOR and a DOR special agent on the respective forms. Pearson reviewed the application for search warrant and determined it to be sufficient to establish probable cause for a search. In his affidavit Pearson avers to the fact that the deletions in the application, affidavit and warrant were made prior to such documents being submitted to the circuit judge for his review and signature.[1]

In the alternative, the Court notes that § 301.225, Mo.Rev.Stat. (1986) provides that salvage business records and premises may be inspected during reasonable business hours without a search warrant for the purpose of enforcing the salvage business laws. The inspection of the premises may be conducted by members of the Missouri highway patrol or any police officer. *Id.* The Supreme Court has found a New York statute allowing warrantless inspections of automobile junkyards conducted pursuant to an administrative inspection statute not to be violative of the Fourth Amendment. *New York v. Burger,* 482 U.S. 691, 698–99 n. 11, 107 S.Ct. 2636, 2641–42 n. 11, 96 L.Ed.2d 601 (1987) (the Supreme Court noted that numerous states including Missouri have statutory provisions for the warrantless inspections of automobile junkyards). During the search, Pridy inspected only plaintiff's business records, not the premises of his business, pursuant to Mo.Rev.Stat. § 301.225 (1986). Defendant Keck and other members of the highway patrol conducted the inspection of the salvage yard but they did not seize any automobiles or parts.

Based on the record, the Court finds that defendants are entitled to qualified immunity because their actions were objectively legally reasonable in light of the legal rules clearly established at the time of the search. At the time in question, plaintiff's operation of his auto salvage business without the required license violated § 301.218, Mo.Rev. Stat. The Eighth Circuit has held that "[i]n the context of a police officer obtaining a warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *George v. City of St. Louis,* 26 F.3d 55, 57 (8th Cir.1994).

Furthermore, plaintiff has failed to challenge that the search warrant lacked sufficient facts to support a finding of probable cause to search for evidence of violation of the Missouri salvage business laws. Both the application and affidavit contained specific information regarding this issue. Moreover, the submission of an application for a search warrant by an unauthorized person does not per se violate a plaintiff's Fourth Amendment rights. *United States v. Freeman,* 897 F.2d 346, 348 (8th Cir.1990). Pridy's deposition testimony establishes that he never represented himself to be a peace officer but in fact signed the application for the search warrant at the direction of Pearson, the special prosecuting attorney. A violation of a state statute alone, however, does not constitute a constitutional violation. *Dautremont v. Broadlawns Hosp.,* 827 F.2d 291, 297 (8th Cir.1987).

---

1. Judge Max Price, a circuit judge for the forty-second judicial circuit of Missouri, avers in his affidavit that to the best of his knowledge the application and the affidavit in support of the search warrant were not altered at the time of presentation and issuance. The Court notes, however, that the affidavit is silent with respect to the identity of the person who altered the documents.