**UNITED STATES of America, Plaintiff,**

v.

**William A. HANHARDT; Joseph N. Basinski; Paul J. Schiro; Sam Destefano; Guy Altobello; and William R. Brown, Defendants.**

**No. 00 CR 0853.**

United States District Court, N.D. Illinois, Eastern Division.

March 14, 2001.

---

John F. Podliska, U.S. Attorney's Office, Chicago, IL, for U.S.

Thomas P. Sullivan, Jenner & Block, Chicago, IL, Thomas Day Decker, Thomas D. Decker Associates, Ltd., Chicago, IL, for William A Hanhardt, defendant.

Andrew Theodore Staes, Jeffrey Neal Cole, Cole & Staes, Ltd., Chicago, IL, John T. Theis, Law Office of John T. Theis, Chicago, IL, for Joseph N Basinski, defendant.

Paul Augustus Wagner, Attorney at Law, Chicago, IL, for Paul J Schiro, defendant.

James John Cutrone, James J. Cutrone, Attorney at Law, Chicago, IL, Santo John Volpe, Attorney at Law, Chicago, IL, for Sam Destefano, defendant.

Raymond D. Pijon, Attorney at Law, Chicago, IL, for Guy Altobello, defendant.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court are Defendants' motion for recusal under 28 U.S.C. §§ 47, 144, and 455(a), and motion for disclosure. For the following reasons, both motions are denied.

## I. BACKGROUND

In a case that has garnered a bit of public attention, Defendants are charged with violating the criminal RICO statute, 18 U.S.C. § 1962(d), and conspiracy to commit an offense or fraud against the United States, 18 U.S.C. § 371. Defendant William Hanhardt had a long career with the Chicago Police Department, and held several high ranking positions in that Department. Hanhardt is charged with being the leader of a sophisticated criminal enterprise that dealt in stolen jewelry, and the remaining Defendants are charged with being part of the enterprise. The indictment alleges that beginning in the 1980's and continuing into 1998 Defendants stole and disposed of millions of dollars worth of jewelry from various locations across the United States.

The instant motions arise from this court's issuance of various orders in connection with the Government's lengthy pre-indictment investigation of Defendants. The Government's investigation lasted approximately four and half years, and spanned several states. During the investigation, the court authorized numerous wiretaps, in accordance with Title III of the Omnibus Crime and Safe Streets Act of 1968, 18 U.S.C. § 2510, et seq. ("Title III"), and several pen registration/caller i.d. devices ("i.d. devices").

The first wiretap was assigned to and authorized by Chief Judge Aspen in accordance with Local Criminal Rule 50.2(2). On January 26, 1996 this court, acting as Chief Judge in Chief Judge Aspen's absence, ordered an i.d. device to be placed on Defendant Altobello's telephone. On January 30, 1996, Chief Judge Aspen ordered this court to continue acting as Chief Judge in his stead for the purposes of this investigation. In total, the court entered over 175 orders in connection with the investigation. This court, acting as Chief Judge, entered approximately 20%–30% of those orders.

At the end of the Government's investigation, indictments were brought against the Defendants, and the case was assigned to this court. Defendants now move this court to recuse itself from the case entirely, or alternatively, to recuse itself from ruling on anticipated motions to suppress evidence obtained from the various wiretap and i.d. device orders. Defendants also ask this court to "disclose its involvement" in connection with the Title III authorizations.

## II. DISCUSSION

Defendants argue three grounds for recusal: (1) 28 U.S.C. § 455(a), which requires a judge to recuse himself when there is a reasonable basis to question the judge's impartiality; (2) 28 U.S.C. § 47, which forbids a judge to sit on an appeal of his own case or issue; and (3) 28 U.S.C. § 144, which requires a showing by affidavit that the judge has a personal bias or prejudice against, or in favor of, one of the parties. Defendants also raise, but do not develop, a fifth amendment due process argument. The court deems the fifth amendment argument waived because Defendants do nothing other than mention it, and fail to cite any authority in support of the point. *See United States v. Jones,* 224 F.3d 621, 626 (7th Cir.2000) (noting that an undeveloped argument speaks to its paucity, and refusing to consider the argument). The court addresses each of the alleged statutory grounds for recusal in turn.

## A. Recusal Under 28 U.S.C. § 455(a):

Defendants assert that this court should recuse itself entirely from this case pursuant to 28 U.S.C. § 455(a), or, alternatively, that the court should recuse itself from ruling on anticipated motions to suppress evidence obtained pursuant to its own orders.

■■■■ Section 455(a) states: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540, 542–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (discussing the "extra-judicial source doctrine"). Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir.1996). What matters is not the actual presence of bias, but the objective perception of bias. *See Hook*, 89 F.3d at 354; *United States v. Balistrieri*, 779 F.2d 1191, 1204 (7th Cir. 1985). The court is to inquire into how things appear to the "well informed, thoughtful observer, rather than the hypersensitive or unduly suspicious person." *Hook*, 89 F.3d at 354. Section 455(a) is intended to promote public confidence in the impartiality of the judicial process. *See Pepsico Inc. v. Marion Pepsi–Cola Bottling Co.*, 99 C 3939, 2000 WL 263973, *12, 2000 U.S. Dist. LEXIS 2693, *34–35 (N.D.Ill. Mar. 6, 2000) (citing cases). Therefore, trivial risks of perceived partiality are not enough to mandate recusal. *See Hook*, 89 F.3d at 354 ("[T]he search is for a risk substantially out of the ordinary.") If such trivial risks were material, a system of peremptory strikes and judge shopping would occur, thereby undermining public confidence in the judiciary. *Id.; Pepsico Inc.*, 2000 WL 263973, at *12, 2000 U.S. Dist. LEXIS 2693, at *35. Indeed, a

court's duty of recusal is twofold: just as it must recuse itself in the face of valid reasons, it must not recuse itself without justification. *New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir.1986). Appointed pursuant to Article III of the United States constitution, federal judges have an obligation to carry out the work of the court. Judges as custodians of governmental power under the Rule of Law must deal with difficult issues and cases and not just those which strike the judges as optimal.

■■■■ Defendants labor valiantly to argue that this court's judicial involvement with the Government's pre-indictment investigation creates the risk that an objective observer would question this court's impartiality. Defendants point out that this court: (1) issued numerous wiretap and i.d. device orders, which involved probable cause determinations; (2) immunized witnesses; and (3) engaged in ex parte review of voluminous materials that were prejudicial to Defendants and involved alleged violations of law that were not charged in the indictment. The primary case Defendants rely on is *United States v. Zarowitz*, 326 F.Supp. 90 (C.D.Cal.1971). As discussed below, however, neither Defendants' argument nor *Zarowitz* is persuasive.

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. at 555, 114 S.Ct. 1147. The Supreme Court in *Liteky* states: "Opinions formed by a judge on the basis of facts introduced or events occurring ... do not constitute a bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Here, Defendants' argument is based solely on the information that this court became privy to in its role as Acting Chief Judge. Defendants do not argue that this

court's judicial knowledge evidences a deep-seated antagonism to them. Indeed, Defendants take pains to point out that their argument stems from the risk that an objective observer would question this court's impartiality because of the facts it learned while acting as Chief Judge. Standing alone, however, mere judicial knowledge is not a valid reason to question this court's impartiality. *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147.

Defendants' argument also understates the objective standard. As the Seventh Circuit pointed out in *Hook,* the objective standard requires the risk of perceived bias to be "substantially out of the ordinary," because the "thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce bias into an adjudication." *Hook* 89 F.3d at 354. Contrary to this standard, Defendants assert that this court's judicial knowledge of this case creates the perception that this court will not be impartial. This argument simply points out what is inevitable in every judicial proceeding—that a judge becomes aware of the facts of the case. That is insufficient to warrant recusal. *See id.*

Although there has been no specific ruling from the Seventh Circuit as to whether a district court's orders entered during pre-indictment investigations warrant that court's recusal, several other Circuits have considered the issue and found that recusal is generally inappropriate. *See Camacho v. Autoridad de Telefonos de Puerto Rico,* 868 F.2d 482, 490 (1st Cir.1989) (emphasizing that nothing about the fact that the judge signed the orders would lead a reasonable person to question the jurist's impartiality); *Cf. United States v. Foddrell,* 523 F.2d 86, 87 (2nd Cir.1975) (holding that recusal was not warranted for conducting a hearing on wire tapping); *United States v. Diana,* 605 F.2d 1307,

1316 (4th Cir.1979) (holding that the judge properly refused to recuse himself from issuing an order to seal tapes obtained through surveillance); *United States v. de la Fuente,* 548 F.2d 528, 541 (5th Cir. 1977) (presiding at a pretrial suppression hearing regarding wiretap evidence does not warrant recusal from trial). And, in *United States v. Nicholson,* the Eastern District of Virginia found that ex parte communications conducted during an investigation, and the court's entering orders concerning the Foreign Intelligence Surveillance Act of 1978, did not warrant recusal. *United States v. Nicholson,* 955 F.Supp. 582, 583–84 (E.D.Va.1997). The court analogized its involvement to that of a judge dealing with a Title III action, and ruled that recusal was not warranted in that instance. *Id.*

As Defendants point out, in *Zarowitz* the Central District of California determined that its issuance of a wiretap order was enough to warrant its voluntary recusal. *United States v. Zarowitz,* 326 F.Supp. 90, 94 (C.D.Cal.1971). The *Zarowitz* court specifically held that its participation in the wiretaps was not an adequate basis for recusal under 28 U.S.C. §§ 47, 144, or 455, but chose to recuse itself voluntarily. *Id.* at 92–94 (citing the "Golden Rule"). Other courts have not followed this reasoning. *See Camacho,* 868 F.2d at 490; *Foddrell,* 523 F.2d at 87; *Diana,* 605 F.2d at 1316; *de la Fuente,* 548 F.2d at 541. Similarly, this court is not persuaded by *Zarowitz.* As discussed above, judicial integrity requires the court to stay on the case unless there is a valid reason for recusal. Here, Defendants present no valid reason for recusal. Accordingly, the motion for recusal under § 455(a) is denied, both as to the entire case, and as to any motions to suppress.

**B. Recusal Under 28 U.S.C. § 47:**

▉ Next, Defendants assert that 28 U.S.C. § 47 forbids this court from ruling

on anticipated motions to suppress. Section 47 states: "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. Defendants claim that this court's hearing of motions to suppress Title III intercepts amounts to appellate review of its prior orders. This contention is meritless.

Section 47 is inapposite because it applies to judges sitting in the federal courts of appeals, not the district courts. The terms "case or issue" as set forth in § 47 refer to final orders that may be appealed to a higher court. *See United States v. Garramone,* 374 F.Supp. 256, 258 (E.D.Pa. 1974). Orders issuing wiretaps and i.d. devices, the sealing of files, and the granting of immunity are not final orders that may be appealable under § 47. *Id.* Thus, § 47 does not prohibit a judge who has authorized a wiretap from hearing a motion to suppress evidence obtained pursuant to that wiretap. *Id.* Section 47 does not apply in this instance, and is not grounds for this court's recusal.

## C. Recusal Under 28 U.S.C. § 144:

In Defendants' motion for recusal, but not their memorandum in support thereof, they cite 28 U.S.C. § 144 as a justification for the court's recusal. Section 144 states in pertinent part:

Whenever a party to any proceeding in a district makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The affidavit shall state the facts and reasons for the belief that the bias or prejudice exists.

Section 144 requires both an affidavit and a certificate of counsel stating that the affidavit is made in good faith. *United States v. Barnes,* 909 F.2d 1059, 1072 (7th Cir.1990). The statute is strictly construed, and there is a heavy burden on the party seeking recusal to comply with its requirements. *Balistrieri,* 779 F.2d at 1199. The affidavit and certificate are necessary to protect the integrity of the judicial system and prevent abuse of the recusal process. *Walker v. Akers,* No. 98 C 3199, 1999 U.S. Dist. LEXIS 3357, *5, 1999 WL 162804, *1 (N.D.Ill. Mar. 15, 1999). Defendants fail to attach the required affidavit presenting sufficient facts to convince a reasonable person that this court has a personal bias or prejudice against them. Defendants also fail to present the required certificate of counsel stating that the affidavit is made in good faith. *Barnes,* 909 F.2d at 1072. These procedural defaults are fatal to the § 144 argument.

In addition, Defendants' argument does not lend itself to § 144. Recusal under § 144 requires a negative bias or prejudice, or some personal animus or malice on the part of the judge, "of the kind that a fair minded person could not set aside...." *Balistrieri,* 779 F.2d at 1201. "Satisfactory evidence of bias or prejudice must show this element of personal animus or malice." *Id.* Defendants present no evidence of any personal bias, prejudice, animus, or malice of this court, and expressly point out that their concern is not with an actual bias of this court, but of the risk of a perceived partiality. Thus, Defendants' reliance on § 144 is misplaced.

## D. Motion for Disclosure:

Finally, Defendants ask this court to disclose its involvement in the Title III authorizations. This is unnecessary. The extent of this court's actions are reflected in the record, which speaks for itself.

## III. CONCLUSION

For the foregoing reasons, Defendants motions for recusal and disclosure are denied.

IT IS SO ORDERED.