NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3131

UNITED STATES OF AMERICA

v.

MAURICE LEWIS,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00231-1
(Honorable Stewart Dalzell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2005

Before: SCIRICA, *Chief Judge*, ALITO and RENDELL, *Circuit Judges*

(Filed: July 19, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Following a denial of his motion to suppress evidence obtained through electronic

surveillance, Maurice Lewis pled guilty to one count of conspiracy to distribute more than

five kilograms of cocaine, in violation of 21 U.S.C. § 846, and several other drug-related

offenses. He was sentenced to life imprisonment plus five years. He appeals both his conviction and sentence. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm the conviction, vacate the sentence and remand for resentencing.

## Background

In November 1997, the District Court authorized electronic surveillance of a pay phone in connection with an FBI investigation of drug trafficking in North Philadelphia. The government's application was supported by an affidavit from Special Agent Yacone. This authorized surveillance and other, subsequent wiretaps led to the interception of a large amount of drug-related conversations. Lewis later moved to suppress the surveillance and its fruits. He also requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1977). The District Court declined to issue a formal ruling on the latter motion, but nonetheless held an evidentiary hearing equivalent to a *Franks* hearing. After the hearing the Court denied Lewis's motion to suppress. Lewis then pled guilty while preserving the limited right to appeal the denial of his motion to suppress and the alleged denial of his motion for a *Franks* hearing.

Lewis raises four primary issues on appeal. First, he contends the District Court erred when it refused to formally rule on the motion for a *Franks* hearing. Lewis asserts a *Franks* hearing would have shown that the affidavit in support of the wiretap application contained material misstatements and omissions on the probable cause and necessity

2

requirements of the wiretap statute, 18 U.S.C. § 2518(3).  Second, Lewis disputes that

the affidavit itself provides the necessity for the wiretap.  Third, he contends his motion to

suppress should not have been decided by the same judge who authorized the wiretap.

Finally, Lewis challenges his sentence.

## Discussion

A.  Refusal to Rule on Motion for a *Franks* hearing

Lewis contends he was entitled to a formal ruling on his motion for a hearing

under *Franks v. Delaware*, 438 U.S. 154 (1977).  He also argues the evidentiary hearing

conducted by the District Court did not amount to a *Franks* hearing.[1]

As a general matter, "we review the denial of a suppression motion for clear error

as to the underlying facts, but exercise plenary review as to its legality in light of the

court's properly found facts."  *United States v. Agnew*, 407 F.3d 193, 196 (3d Cir. 2005).

We have not stated a precise standard of review where a District Court denied a *Franks*

hearing, and other circuits are split on this matter.[2]  However, as the more exacting

plenary review is satisfied here, we need not address the issue further.

---

[1]We note on appeal that Lewis fails to cite any statement or omission in the affidavit
he considers to be untruthful.

[2]*Compare United States v. Skinner*, 972 F.2d 171, 177 (7th Cir. 1992) (review for clear
error), *United States v. Hadfield*, 918 F.2d 987, 992 (1st Cir. 1990) (same), *and United
States v. One Parcel of Property*, 897 F.2d 97, 100 (2d Cir. 1990) (same), *with United
States v. Homick*, 964 F.2d 899, 904 (9th Cir.1992) (*de novo* review), *United States v.
Mueller*, 902 F.2d 336, 341 (5th Cir. 1990) (same), *and United States v. Fairchild*, 122
F.3d 605, 610 (8th Cir. 1997) (review for abuse of discretion).  *See also United States v.
Stewart*, 306 F.3d 295, 304 (6th Cir. 2002) (discussing circuit split).

On March 5, 2003, the District Court declined to formally rule on whether Lewis had made the required threshold showing for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1977).[3] Nonetheless, the Court held an evidentiary hearing that lasted for one and one half days. Lewis was permitted to challenge the truthfulness of every statement in the affidavit by introducing documentary evidence and by cross-examining the affidavit's author, Agent Yacone, and another FBI agent involved in the investigation. The District Court also reviewed an informant's file *in camera* to determine the veracity of Agent Yacone's testimony.

We believe Lewis suffered no harm or prejudice from the District Court's declination to rule on his motion. The purpose of a *Franks* hearing is to give a criminal defendant an opportunity to overcome the presumption of validity with respect to the affidavit by impeaching the deliberate falsity or reckless disregard of the affiant. *Franks*, 438 U.S. at 171. The extensive evidentiary hearing actually held served precisely this purpose. It is perfectly reasonable for the District Court to use a *Franks* hearing to inquire into allegations of deception by a law enforcement officer even where a defendant's right to the requested hearing might be doubtful, especially when the defendant faces a particularly severe sentence if convicted. In any event, the only party

---

[3]To mandate an evidentiary hearing regarding the veracity of the affidavit's author under *Franks,* "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks*, 438 U.S. at 171.

who might have had reason to complain about the District Court's course of action is the government. The District Court did not err when it refused to formally rule on Lewis's motion.

B.  Necessity of the Wiretap

Lewis disputes that the affidavit demonstrated the necessity for wiretaps. "We review *de novo* the question of whether a full and complete statement of necessity for a wiretap was made in the application. Once it is determined that the statement was made, we will review the court's determination of necessity for an abuse of discretion." *United States v. Phillips*, 959 F.2d 1187, 1189 (3d Cir. 1992). To demonstrate necessity, the government's affidavit must contain a full and complete statement whether, *inter alia*, "other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The court must then make a similar determination. § 2518(3)(c).[4] These provisions were designed to assure that electronic surveillance is not used when traditional investigative techniques would be sufficient. *United States v. Kahn*, 415 U.S. 143, 153 n. 12 (1974).

Lewis contends that traditional investigative procedures would have sufficed. He specifically points to the availability of nine confidential informants and to the potential usefulness of physical surveillance, recorded drug purchases, and undercover agents.

---

[4]The judge has to determine that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."

5

Lewis also notes that, according to the affidavit, the government was already aware of critical information, including the identities of four drug suppliers and the point of distribution.

As we said in *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997), "courts have consistently held that 18 U.S.C. § 2518(3)(c) does not require the government to exhaust all other investigative procedures before resorting to electronic surveillance." Rather, the "government need only lay a 'factual predicate' sufficient to inform the judge why other methods of investigation are not sufficient." *Williams*, 124 F.3d at 418 (quoting *United States v. McGlory*, 968 F.2d 309, 345 (3d Cir. 1992)).

In the instant case, the wiretap application was submitted after nearly two years of investigation. The affidavit contains six pages of detailed information regarding the insufficiency of traditional investigative procedures. It states that physical surveillance was of limited value because several "lookouts" always provided cover for the actual drug transactions, and that they had become accomplished at detecting undercover police vehicles. On one occasion, several of these "lookouts" even reportedly attacked an FBI surveillance van. Also, the affidavit noted that none of the informants was in a position to engage Lewis or his inner circle in a detailed conversation about the scope of Lewis's operation without raising suspicion. Furthermore, the affidavit states that a government witness was killed just before he was to appear before a federal grand jury investigating

Lewis's drug trafficking activities. In sum, the affidavit demonstrated why other methods of investigation were insufficient.

We also note that the government's knowledge of some critical information does not defeat necessity for a wiretap. "[I]t is unrealistic to require the termination of an investigation before the entire scope of the narcotics distribution network is uncovered and the identity of its participants learned." *United States v. Armocida*, 515 F.2d 29, 38 (3d Cir. 1975).

C. Recusal / Referral to a Magistrate Judge

Lewis also contends the judge who granted the order authorizing the wiretap should not have ruled on the motion to suppress the evidence. We disagree. As stated in *Liteky v. United States*, 510 U.S. 540, 555 (1994), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." They "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* The wiretap order in question does not constitute such "circumstances." There is no basis for recusal. *See also United States v. Hanhardt*, 134 F.Supp.2d 972, 976 (N.D.Ill. 2001) (denying motion for recusal from case or from anticipated motion for suppression of evidence where same judge had previously authorized numerous wiretaps).

Lewis also contends the District Court should have referred the motion to suppress the evidence to a magistrate judge. 28 U.S.C. § 636(b)(1)(B) states "a judge may . . .

7

designate a magistrate judge to conduct . . . evidentiary hearings." The District Court has the discretion, but not a duty, to refer the matter to a magistrate judge.[5] We see no abuse of discretion here.

D. Sentencing

Finally, Lewis challenges his sentence under *Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004). This matter was addressed in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Having determined that the sentencing issues raised are best determined by the District Court in the first instance, we vacate the sentence and remand in accordance with *Booker*.

**Conclusion**

For the foregoing reasons, we will affirm the judgment of conviction, vacate the sentence and remand for resentencing.

---

[5]A referral would help little to remedy any perceived impartiality of the District Court judge. A magistrate judge has no authority to make a final and binding disposition regarding a motion to suppress evidence. *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Rather, he or she will submit findings of fact and recommendations which are subject to a *de novo* determination by the District Court insofar as one of the parties objects to them. 28 U.S.C. § 636(b)(1).