**Jason E. COHEE, Plaintiff,**

v.

**Judge Joe Billy McDADE, Defendant.**

**No. CIV. 06–984–GPM.**

United States District Court,
S.D. Illinois.

Dec. 19, 2006.

Jason E. Cohee, Glasford, IL, pro se.

James A. Lewis, Assistant U.S. Attorney, Springfield, IL, for Defendant.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter, which was recently transferred from the docket of United States Senior District Judge James L. Foreman to the docket of the undersigned District Judge, is before the Court on a motion to dismiss the complaint in this cause (Doc. 6). For the following reasons, the motion to dismiss is **DENIED**, and this action is **TRANSFERRED** to the United States District Court for the Central District of Illinois, Peoria Division.

Plaintiff Jason E. Cohee originally filed this action in the Circuit Court of the Tenth Judicial Circuit, Tazewell County, Illinois, seeking to disqualify United States District Judge Joe Billy McDade of the United States District Court for the Central District of Illinois. Mr. Cohee believes that Judge McDade is biased against him on the basis of certain rulings made by Judge McDade in *United Civil Liberty Union v. United States*, No. 1:06–cv–01056–JBM–JAG (C.D. Ill. filed Mar. 3, 2006), and *Cohee v. State Farm Fire & Casualty Co.*, No. 1:06–cv–01146–JBM–JAG, 2006 WL 2175855 (C.D. Ill. filed June 7, 2006), specifically, an order dismissing the *United Civil Liberty Union* case for lack of standing and an order in *Cohee v. State Farm* denying as moot a request by Cohee to proceed in forma pauperis. *See Cassens v. Cassens*, 430 F.Supp.2d 830, 833 n. 1 (S.D.Ill.2006) (citing *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F.Supp. 1089, 1091 & n. 1 (N.D.Ill.1991)) (a district court can take judicial notice of the court file in a related case). Additionally, Mr. Cohee's complaint appears to attempt to assert a claim against Judge McDade under 42 U.S.C. § 3795, which furnishes criminal penalties for the misuse of federal assistance funds. The case was properly

removed to the United States District Court for the Central District of Illinois in so-called "federal officer" jurisdiction. *See* 28 U.S.C. § 1442; *Alsup v. 3–Day Blinds, Inc.*, 435 F.Supp.2d 838, 843–44 (S.D.Ill. 2006). Thereafter, the case was transferred to this Court for disposition.

■ Without having researched the question exhaustively, the Court is reasonably certain that 42 U.S.C. § 3795 affords Mr. Cohee no private right of action, *see West Allis Mem'l Hosp., Inc. v. Bowen*, 852 F.2d 251, 254–55 (7th Cir.1988) (citing *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)) (noting the "strong presumption" against recognizing a private right of action under a criminal statute), and, in any event, the statute is wholly inapplicable to the facts alleged in Mr. Cohee's complaint. The matter before the Court is, at bottom, a motion to disqualify Judge McDade. As such, it is controlled by federal law. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108–09, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (in general, federal law governs matters of procedure in federal court); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir.1997) (same); *Farris v. Satzinger*, 681 F.Supp. 485, 487–88 (N.D.Ill.1987) (same). *See also Crook v. WMC Mortgage Corp.*, No. 06–cv–535–JPG, 2006 WL 2873439, at *1 (S.D.Ill. Oct.5, 2006) (quoting *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 854 (S.D.Ill.2006)) (noting that "a case removed from state court to federal court becomes, . . . when it arrive[s] there, . . . subject to the same rules of procedure as if it had been originally sued in [federal] court."). Because Mr. Cohee is proceeding pro se, the Court construes his motion to disqualify Judge McDade as having been brought pursuant to 28 U.S.C. § 455. *See Robinson v. Gregory*, 929 F.Supp. 334, 337–38 (S.D.Ind.1996) (explaining that the provisions for disqualification of federal judges

set out in 28 U.S.C. § 144 are not available to pro se litigants in light of the statute's requirement that a request for disqualification thereunder be accompanied by a certificate of good faith from "counsel of record").

■ Under 28 U.S.C. § 455, a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and under specific circumstances enumerated in the statute, such as when the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). In general, adverse rulings by a judge, which are the asserted grounds for Mr. Cohee's request for disqualification of Judge McDade, are not evidence of bias such as to warrant recusal by the judge. *See McLaughlin v. Union Oil Co. of Cal.,* 869 F.2d 1039, 1047 (7th Cir.1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be."); *United States v. Hanhardt,* 134 F.Supp.2d 972, 975–76 (N.D.Ill.2001) (a district judge's orders authorizing numerous wiretaps that culminated in criminal indictments for racketeering did not, without more, create an appearance of partiality justifying the judge's recusal from presiding over the criminal proceedings, absent a showing of favoritism or antagonism on the part of the judge such as to warrant recusal); *Barnett v. City of Chicago,* 952 F.Supp. 1265, 1269 (N.D.Ill.1997) (quoting *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)) ("Judicial rulings alone almost never constitute a basis for disqualifying a judge because rulings 'are proper grounds for appeal, not for recusal.' "); *Spangler v. Sears, Roebuck & Co.,* 759 F.Supp. 1327, 1332 (S.D.Ind.1991) ("[I]t is axiomatic that a motion to recuse because of the appearance of partiality may not be based merely upon unfavorable judicial rulings regardless of the correctness of those rulings.").

■ However, the Court need not decide Mr. Cohee's request for disqualification of Judge McDade on its merits because, as a rule, a motion to disqualify a district judge under 28 U.S.C. § 455 must be decided by the judge whose disqualification is sought. "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. It requires the judge to *disqualify himself* when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to another judge." *United States v. Balistrieri,* 779 F.2d 1191, 1202–03 (7th Cir.1985) (emphasis in original). *See also Schurz Communications, Inc. v. FCC,* 982 F.2d 1057, 1059, 1062 (7th Cir.1992) (chambers opinion) (Circuit Judge Posner considered and denied a request for his disqualification pursuant to section 455). *Accord In re Bernard,* 31 F.3d 842, 843 (9th Cir.1994) ("[T]he somewhat surprising (and not entirely comfortable) reality is that the motion [to disqualify] is addressed to, and must be decided by, the very judge whose impartiality is being questioned."); *In re Virginia Elec. & Power Co.,* 539 F.2d 357, 364 (4th Cir.1976) (no one judge may, as a matter of discretion, disqualify other judges); *Union Independiente de Empleados de Servicios Legales v. Puerto Rico Legal Servs., Inc.,* 550 F.Supp. 1109, 1110–11 (D.P.R.1982) ("Section 455 of 28 U.S.C. includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under Section 455, that judge has a duty to recuse himself or herself.").

Accordingly, Judge McDade's motion to dismiss (Doc. 6) is **DENIED.** Pursuant to 28 U.S.C. § 1404, the Court **TRANSFERS** this case to the United States District

Court for the Central District of Illinois, Peoria Division, so that it can be consolidated with *Cohee v. State Farm Fire & Casualty Co.* and *United Civil Liberty Union v. United States,* and Judge McDade can proceed to rule on Mr. Cohee's request for disqualification. The Clerk of Court is **DIRECTED** to transmit the complete file in this case to the Clerk of the United States District Court for the Central District of Illinois and to close this Court's file in the case.

**IT IS SO ORDERED.**